UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

-v-

LUIS CORDERO,

Defendant.

21-CR-00082 (CM)

DECISION AND ORDER DENYING SENTENCE REDUCTION PURSUANT TO
AMENDMENT 821 OF THE UNITED STATES SENTENCING GUIDELINES MANUAL

McMahon, J.:

On December 15, 2022, Cordero was sentenced principally to a term of imprisonment of 36 months, for his involvement in a cocaine distribution conspiracy.

On December 1, 2023, the defendant filed a motion asking the Court to reduce his sentence, pursuant to Amendment 821 to the United States Sentencing Guidelines Manual.

The United States Probation Department has conducted of review of defendants who are currently incarcerated and who might be eligible for a sentencing reduction, pursuant to Amendment 821 to the United States Sentencing Guidelines Manual. Amendment 821 amended the Guidelines in two respects: (1) Part A amends Guidelines § 4A1.1, by reducing from two points to one point the upward adjustment for offenders who committed the instant offense while under any criminal sentence, and by limiting this adjustment to defendants who received seven (7) or more criminal history points; and (2) Part B, amends Guidelines § 4C1.1, by providing a 2-level offense level reduction for offenders with zero (0) criminal history points **who meet**

**specified eligibility criteria**. (Emphasis added). The Sentencing Commission made these amendments retroactive effective November 1, 2023.

The Probation Department has determined that Cordero is ineligible for either of the Amendment 821 reductions.

The Court agrees.

Although Cordero had zero criminal history points prior to his conviction in this case, he is nonetheless ineligible for a reduction under Part B because he does not meet the other "specified criteria." Cordero's Guidelines calculation included an adjustment under U.S.S.G. §3B1.1(a) (Aggravating Role).[1] One of the criteria that a defendant must meet to be eligible for a Part B reduction is that his Guidelines range calculation not have included an adjustment under §3B1.1.

Accordingly, Cordero's motion for a sentencing reduction pursuant to Amendment 821 is denied.

This constitutes the decision and order of the Court.

Colleen McMahon, U.S.D.J.

Dated: April 3, 2024
New York, New York

---

[1] *See* Presentence Investigation Report ECF Document 43 at ¶ 23. (PSR) ("Adjustment for Role in the Offense: Because the defendant was a manager or supervisor of a criminal activity that involved five or more participants or was otherwise extensive, three levels are added, pursuant to USSG § 3B1.1(a). +3.").